UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JERALD M. BROOKS,

              Plaintiff,

   v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

              Defendant.

CASE NO. C16-01057BHS

ORDER AFFIRMING THE COMMISSIONER'S DECISION

## I. BASIC DATA

Type of Benefits Sought:

    ( ) Disability Insurance

    (X) Supplemental Security Income

Plaintiff's:

    Sex: Male

    Age: 40 at application date

Principal Disabilities Alleged by Plaintiff: Post-traumatic stress disorder, bipolar disorder, depression

Disability Allegedly Began: June 28, 2008

Principal Previous Work Experience: Cook, dishwasher, day laborer

Education Level Achieved by Plaintiff: 10th grade

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ Ilene Sloan:

    Date of Hearing: January 6, 2015; hearing transcript AR 38-82

    Date of Decision: July 1, 2015

    Appears in Record at: AR 296-322

    Summary of Decision:

> The claimant has not engaged in substantial gainful activity since May 18, 2010, the application date. The claimant has the following severe impairments: bipolar versus schizoaffective disorder, anxiety disorder, personality disorder, post-traumatic stress disorder, psychosis not otherwise specified, history of cocaine dependence, history of opiate dependence, and history of alcohol dependence. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> The claimant has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is able to understand, remember, and carry out simple, routine tasks; he can have no contact with the general public; he would be able to accept instructions from supervisors and would be able to have occasional, superficial interaction with coworkers; and he cannot work on tandem tasks or tasks involving cooperative team effort.
>
> The claimant has no past relevant work. Considering the claimant's age, education, work experience, and RFC, there are jobs existing in significant numbers in the national economy that the claimant can perform. Therefore, the claimant has not been under a disability, as defined in the Social Security Act, since May 18, 2010, the date the application was filed.

Before Appeals Council:

    Date of Decision: May 4, 2016

    Appears in Record at: AR 637-43

Summary of Decision: Declined review

## III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

## IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

The claimant, Jerald M. Brooks ("Brooks"), bears the burden of proving that he is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172

F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. § 416.920. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

## VI. ISSUES ON APPEAL

1. Did the ALJ err in evaluating the medical evidence in the record?
2. Did the ALJ err in assessing Brooks's RFC?

## VII. DISCUSSION

Brooks appeals the Commissioner's decision denying him disability benefits, arguing that the ALJ committed several errors requiring reversal. Dkt. 15. The Court addresses the alleged errors in turn.

A.  **Medical Evidence**

Brooks argues that the ALJ erred in evaluating the medical evidence in the record. *See* Dkt. 15 at 4-14. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Id*. at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

1.  **Examining Psychologists**

Brooks argues that the ALJ erred by failing to give specific and legitimate reasons supported by substantial evidence to discount the opinions of Department of Social and Health Services ("DSHS") examining psychologists Janice Edwards, Ph.D., James Hughes, M.D., and Avanti Bergquist, M.D. *See* Dkt. 15 at 5-12. The Court disagrees.

In 2010 and 2011, the DSHS psychologists evaluated Brooks and found that he had several marked and severe workplace limitations stemming from his mental impairments. *See* AR 236, 272, 281. Dr. Edwards stated that Brooks's impaired memory and auditory hallucinations would prevent him from completing a full workday or

interacting appropriately with others. *See* AR 272. Dr. Hughes stated that Brooks was markedly impaired in his ability to tolerate normal workplace stressors. *See* AR 281. Dr. Bergquist stated that Brooks's anxiety and difficulty dealing with people would prevent him from being able to complete a normal workday or workweek. *See* AR 236.

The ALJ gave limited weight to these opinions for the same reason – that Brooks's presentation at the mental status examinations administered by the DSHS psychologists was noticeably different than his presentation before any treatment provider. *See* AR 655-56. An ALJ need not accept a physician's opinion if that opinion is inadequately supported by clinical findings or "by the record as a whole." *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Also, an ALJ may discount an evaluating physician's opinion where there is evidence that the claimant exaggerated symptoms. *See Thomas*, 278 F.3d at 958.

Here, treatment providers repeatedly found Brooks to have appropriate speech, approproiate motor activity, normal thought processes, intact memory, and full orientation. *See, e.g.*, AR 214, 229, 599-600, 605, 607, 614, 617. While engaged in chemical dependency treatment, Brooks demonstrated the ability to maintain appropriate behavior in his treatment group, being a "very positive and vocal member of the group conversations" and showing good thought process and insight. *See* AR 550. This behavior was in stark contrast with Brooks's presentation before the DSHS evaluating psychologists, who described slow speech, impaired memory, impaired orientation to time and place, "outrageous" mood swings, "bizarre" behavior, and psychomotor agitation, including rocking back and forth. *See* AR 234-35, 271-72, 279. Therefore,

substantial evidence supports the ALJ's reason for giving limited weight to the opinion of the DSHS psychologists.

2. **Nebyu Hailemariam, LICSW**

Brooks argues that the ALJ erred by failing to give a germane reason supported by substantial evidence to discount the opinion of evaluating social worker Nebyu Hailemariam, LICSW. *See* Dkt. 15 at 12-14. The Court disagrees.

In 2010, Ms. Hailemariam evaluated Brooks and opined that Brooks had marked or severe limitations in almost all work-related activities. *See* AR 204. Social workers are considered "other sources," and their opinions may be given less weight than those of "acceptable medical sources." *See* 20 C.F.R. § 404.1513(d). The testimony of such "other sources" may be discounted if the ALJ "gives reasons germane to each [source] for doing so." *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (internal citations omitted). Here, the ALJ gave Ms. Hailemariam's opinion little weight for the same reason that she gave little weight to the DSHS psychologists' opinions – that Brooks presented as markedly more impaired on evaluation than he did with treatment providers. *See* AR 655. For the reasons described above, substantial evidence supports the ALJ discounting Ms. Hailemariam's opinion. *See supra* § VII.A.1.

**B. The ALJ's RFC and Finding at Step Five**

Brooks argues that the ALJ's RFC and finding at step five that Brooks could perform other work were not supported by substantial evidence due to the errors alleged above. *See* Dkt. 15 at 15-18. However, the Court found no error by the ALJ in

evaluating the medical evidence. *See supra*, § VII.A. Therefore, the RFC and resulting step-five finding are supported by substantial evidence and are not in error.

## VIII.  ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision is **AFFIRMED**.

Dated this 19th day of June, 2017.

                                                  BENJAMIN H. SETTLE
                                                  United States District Judge